Where a matter is properly determinable at law, and the law can give complete relief, a court of equity will not interfere. It is not stated in this bill when Delaney's judgment was obtained. Suppose it to have been obtained before the sale to Perkins: the execution issued after a year and a day, and after the death of Griffham, without any sci. fa., and therefore the execution is irregular and voidable, and may be avoided, if the judgment was in the county court, by writ of error, or, if in the Superior Court by taking advantage thereof in an ejectment, either as plaintiff or by way of defense. If Delaney's judgment was after the sale to Perkins, then the land could not be affected by any execution issued upon it, and the sheriff's sale is void. Indeed, it has been decided that a fi. fa. affects lands in this country but from the teste, and not from the judgment, and that the judgment only prevents a sale by the owner. According to that decision, it may be doubtful whether if this judgment of Delaney's had been regularly revived by sci. fa. against the heirs and terretenants, the lands in the hands of Perkins were liable to be affected, as the fi. fa. would then issue in consequence of a new judgment. However this may be, it is evident, as the present case is stated, that the complainant has remedy at law, and that there is no occasion for him to come into equity for any relief. Wherefore let the demurrer be allowed; and as to the other part of the bill, which seeks to perpetuate his testimony, as there is no objection made thereto, let the plaintiff have commissions to take depositions.
See Glasgow v. Flowers, ante, 233.
(369)